IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HANNAH WILLIAMS** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 25-CV-5560** |
| | : | |
| **BUCKS COUNTY CHILDREN** | : | |
| **& YOUTH SERVICES,** *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                      NOVEMBER 6, 2025

Plaintiff Hannah Williams initiated this *pro se* civil action alleging she is a disabled individual whose rights were violated. Williams seeks to proceed *in forma pauperis*. For the reasons set forth, the Court will grant Williams *in forma pauperis* status and dismiss the Complaint. Williams will be given an opportunity to file an amended complaint if she can correct the deficiencies herein noted by the Court.

**I.      FACTUAL ALLEGATIONS**[1]

Williams claims that she is a disabled individual and her rights under the Americans with Disabilities Act ("ADA") and the United States Constitution were violated.[2] (Compl. at 1.)

---

[1] The allegations set forth in this Memorandum are taken from Williams's Complaint (ECF No. 1). Grammar, spelling, and punctuation errors are corrected where necessary. The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

[2] Williams alleges that she lives with multiple disabilities that substantially limit major life activities. (*See* Compl. at 2.) She asserts that many of her impairments are episodic or in remission but remain ADA-protected because they substantially limit major life activities when active and are aggravated by stress or denial of supports. (*Id.*) She lists her following conditions: full limb immobility, inability to sit, stand or take a step, and neurogenic muscle atrophy; complete loss of fine motor skills, hand/wrist curl, inability to flatten fingers, and Raynaud's syndrome; full mutism, blindness, and hearing loss; swallowing impairments and bile vomiting; respiratory distress and inability to breathe normally; severe musculoskeletal and neurological pain; and liver dysfunction and sallow skin. (*Id.* at 2-3.)

Named as Defendants are: Bucks County Children & Youth Services, Bucks County Adult Protective Services, and "any related Bucks County or Commonwealth agencies." (*Id.*)

> According to Williams, she requested accommodations and was denied as follows:
>
> Cleaning and in-home support because my disabilities prevent me from maintaining a safe environment. Without this, I risk falls, fainting, and increased muscle weakness.
>
> Utility assistance and protection against shutoffs because my conditions make uninterrupted access to electricity, heat, water, sewer, phone, and internet medically necessary.
>
> Transportation accommodations and relief from vehicle impoundment because loss of my car leaves me unable to access medical care, groceries, therapeutic activities, and legal proceedings.
>
> Remote participation in hearings and proceedings because in-person attendance is difficult given my PTSD, TBI, cardiac risks, and mobility impairments.
>
> Paperwork assistance and extended deadlines because of mutism, muscular pain, and fine motor limitations that prevent timely completion.
>
> Permission to keep my therapy dog, who provides emotional stabilization, preventing flare-ups of PTSD and neurological symptoms.
>
> Access to my credit card accounts, which serve as functional accommodations allowing me to obtain food, medication, transportation, and household needs when I cannot physically leave my home.
>
> Access to horse riding therapy, which is the only therapy proven to restore my muscle function, mobility, coordination, and neurological stability after TBI and related impairments. Denial of this therapy exacerbates neurogenic atrophy, spasticity, balance impairments, and pain.

(*Id.* 1, 3.) Plaintiff further claims that "Defendants' failures regarding property disputes, Social Security benefit determinations, enforcement of rent owed by my child's father, and protection of my credit access" have prevented her from obtaining horse riding therapy. (*Id.* at 4.) Williams asserts that Defendants ignored or refused the listed accommodations and "instead proceeded with actions" that aggravated her conditions. (*Id.*) Williams contends that she has suffered harm as a

2

result, including: "serious bodily injury from lack of house cleaning assistance"; "exacerbation of seizures, spasms, weakness, and cardiac distress from lack of utilities, transportation, etc."; "social and medical isolation from loss of car access"; "loss of safety from the removal of my therapy dog"; "inability to meet basic needs or obtain medical care due to loss of credit access"; "inability to access horse riding therapy, resulting in worsening of muscle weakness, balance problems, and pain"; and "denial of meaningful participation in custody and family proceedings" in violation of her due process rights. (*Id.*)

Based on these allegations, Williams alleges that the denial of accommodations violated § 12132 of the ADA and she has been deprived meaningful participation in legal and administrative processes in violation of the Due Process clause of the Fourteenth Amendment. (*Id.* at 4-5.) She also asserts that she has suffered irreparable harm. (*Id.* at 5.) As relief, Williams seeks an emergency temporary restraining order directing Defendants to provide the requested ADA accommodations, a stay of "all proceedings involving" Williams until accommodations are in place, and declaratory relief. (*Id.* at 5.)

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915, the Court grants Williams leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations

omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

Because Williams is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* In that regard, a complaint also may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a plaintiff's complaint to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction, and a demand for the relief sought. Fed. R. Civ. P. 8(a).

### III.    DISCUSSION

Williams asserts that she has been refused reasonable accommodation in violation of § 12132 of Title II of the ADA. (Compl. at 1.) Williams also seeks to assert constitutional claims pursuant to 42 U.S.C. § 1983. (*Id.* at 4-5.) However, Williams has not alleged a plausible basis

for a claim against any of the named Defendants. Even liberally construing Williams's allegations, as the Court must, the circumstances of Williams's claims are entirely unclear and cannot proceed.

Section 12132 of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a plausible claim under Title II of the ADA, a plaintiff must allege that (1) she is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of her disability. *See Williams v. Sec'y Pennsylvania Dep't of Corr.*, 117 F.4th 503, 527 (3d Cir. 2024) (citing *Haberle v. Troxell*, 885 F.3d 170, 178-79 (3d Cir. 2018)), *cert. denied sub nom. Wetzel v. Williams*, No. 24-1067, 2025 WL 2823715 (U.S. Oct. 6, 2025).[3]

Title II of the ADA includes within its prohibition against discrimination the failure to make "reasonable accommodations."[4] *See Haberle*, 885 F.3d at 180; *see also Montanez v. Price*, 154 F.4th 127, 144 (3d Cir. 2025) (The ADA "impose[s] on covered entities an affirmative obligation to make 'reasonable accommodations' for persons with disabilities so that they can meaningfully access their programs, services, and activities."). When determining whether an

---

[3] To allege plausibly that she is a "qualified individual with a disability," a plaintiff must provide facts to show that she has a "disability," which is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual . . . ." 42 U.S.C. § 12102(1)(A). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* at § 12101(2)(A).

[4] Although Title II's definition of "qualified individual with a disability" uses the term "reasonable modification" as opposed to "reasonable accommodation," as used in Title I of the ADA, courts treat the two phrases synonymously. *See Berardelli v. Allied Servs. Inst. of Rehab. Med.*, 900 F.3d 104, 117 (3d Cir. 2018); *see also Haberle*, 885 F.3d at 181 n.11.

accommodation is reasonable, courts consider "'whether it alters the essential nature of the program or imposes an undue burden or hardship in light of the overall program.'" *Doe 1 v. Perkiomen Valley Sch. Dist.*, 585 F. Supp. 3d 668, 694-95 (E.D. Pa. 2022) (quoting *Helen L. v. DiDario*, 46 F.3d 325, 337 (3d Cir. 1995)). A public entity is not obliged to make a modification that would fundamentally alter the nature of the service, program, or activity. *Williams*, 117 F.4th at 529 (citing 28 C.F.R. § 35.130(b)(7)(i)). Here, Williams has not alleged how any named Defendant denied her a service or program by reason of her disability, or denied her a reasonable accommodation for a service or program. She simply has not identified any program, service, or activities of a public entity in her Complaint, other than to claim that Defendants "proceeded with actions that aggravated" her conditions. (*See* Compl. at 4.) Such allegation is too vague.

Williams's allegations regarding a violation of her constitutional rights are also vague. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Thus, a proper complaint must explain what each defendant did or did not do with respect to the alleged constitutional harms. Here, Williams has merely alleged that she was deprived of

"meaningful participation in legal and administrative processes" in violation of the Due Process clause. (*See* Compl. at 5.) Williams does not provide a short plain statement identifying what legal or administrative processes she is referring to nor has she tied any alleged constitutional violation to any of the named Defendants.[5]

Rule 8 requires a complaint to describe actions taken by a defendant in relation to the plaintiff's claims in a manner that is not ambiguous or confusing. *Garrett*, 938 F.3d at 93. In determining whether a pleading meets Rule 8's "plain" statement requirement, a court must "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Id.* (citation omitted). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* The important consideration for the court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

Williams's Complaint does not describe the actions taken by any particular defendant in regard to her claims, other than to allege that she was entitled to and was denied accommodations, and that she was involved in some sort of legal or administrative process and was not accommodated. Thus, the circumstances of the alleged claims, and how they relate to the named Defendants, are entirely unclear. Having reviewed Williams's submission in its entirety and construing the allegations in the Complaint liberally, it does not meet Rule 8's "plain" statement requirement and a defendant could not reasonably be expected to respond to it. Accordingly,

---

[5] Further, "any related Bucks County or Commonwealth agencies" is not a proper defendant and will be dismissed. *See Garrett*, 938 at 93 (a pleading must identify discrete defendants and the actions taken by these defendants); *see also Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff).

Williams's Complaint is dismissed. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (explaining that Rule 8 permits dismissal where the complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"); *Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

Williams will be given leave to file an amended complaint. Any amended complaint must clearly describe the factual basis for Williams's claims and how the claims relate to the named Defendants. It bears noting that "[a]lthough the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). "A complaint that pleads facts merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up); *see also Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (the Court is not required "to accept as true unsupported conclusions and unwarranted inferences.").

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Williams leave to proceed *in forma pauperis* and dismiss her claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. "Any related Bucks County or Commonwealth agencies" will be terminated as a

Defendant. Because Williams's Complaint will be dismissed, her requests for injunctive relief are denied.[6]

Williams is granted leave to file an amended complaint to correct the deficiencies noted and, if she can, and to clearly set out the factual basis of any claim she seeks to present. An appropriate order follows, which contains additional instructions as to amendment.

NITZA I. QUIÑONES ALEJANDRO, J.

---

[6] "'[A] request for injunctive relief by itself does not state a cause of action. . . . An injunction is a remedy, not a separate claim or cause of action. A pleading can . . . request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate.'" *Slemmer v. McGlaughlin Spray Foam Insulation, Inc.*, 955 F. Supp. 2d 452, 465 (E.D. Pa. 2013) (quoting *Jensen v. Quality Loan Serv. Corp.*, 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010)).

Further, Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. "The standards for a temporary restraining order are the same as those for a preliminary injunction." *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted); *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). It is never awarded as of right. *Erie Indem. Co. v. Stephenson*, No. 24-1443, 2025 WL 2909012, at *7 (3d Cir. Oct. 14, 2025). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). A failure "to establish either of the first two considerations – probability of success on the merits and irreparable harm – forecloses such relief." *Erie Indem. Co.*, 2025 WL 2909012, at *8. Because Williams cannot demonstrate success on the merits of her claims as pled, she is not entitled to this extraordinary remedy.